UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ISAAC KAHN,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, LARRY RHODEN, Governor, KELLIE WASKO, Secretary of Corrections, DR. AARON JAYNES, D.O.C. Director of Medical, TABATHA BENTING[1], Warden of South Dakota State Penitentiary, Jameson Prison[2], DR. MARK RECTOR, Primary Care Provider S.D.S.P., and TIMOTHY SCHNEIDER, B-Floor Unit Manager,<br><br>Defendants. | 4:24-CV-04225-CBK<br><br>ORDER |

Plaintiff, an inmate at the South Dakota State Penitentiary, Jameson Prison, filed a *pro so* complaint under 42 U.S.C. § 1983 claiming defendants violated his Eighth Amendment rights when defendants placed a known violent inmate in plaintiff's cell who threw hot water on plaintiff and stabbed plaintiff, resulting in severe injuries to plaintiff. Defendants have moved for judgment on the pleadings as to claims against the State of South Dakota, by and through Governor Rhoden, along with all official capacity claims against the individual defendants and any state law negligence claim. Plaintiff did not resist the motion.

When addressing a motion to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the district court applies the same standard used to evaluate a motion to dismiss

---

[1] By operation of law, Tabatha Benting is substituted effective August 11, 2025

[2] Plaintiff alleged that he was housed at the South Dakota State Penitentiary, Jameson Annex at the time his claims arose. During the 2023 South Dakota Legislative Section, SDCL 24-1-1 was amended to name the State's correctional facilities as the South Dakota State Penitentiary, Mike Durfee State Prison, South Dakota Women's Prison, Jameson Prison, along with four Minimum Centers. SD LEGIS 82 (2023), 2023 South Dakota Laws Ch. 82 (SB 52).

for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Tombari v. NOV Process & Flow Techs. US, Inc., ___ F.4th ___, ___, 2026 WL 517959, at *1 (8th Cir. 2026).

The State of South Dakota "is not a 'person' within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 65, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989). Further, "the Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Will v. Michigan Dep't of State Police, 491 U.S. at 66, 109 S. Ct. at 2309–10 (internal citations omitted). "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity [and] Congress did not provide such a federal forum for civil rights claims against States." Id. At 66, 109 S. Ct. at 2310.

The Suit against the State of South Dakota cannot go forward. Plaintiff sued the State "in and through" the Governor of South Dakota. Plaintiff set forth in the complaint that the Governor is ultimately "responsible for designing, implementing, monitoring and/or overseeing the policies, procedures, protocol and customs of such are being followed." Plaintiff did not allege the Governor personally engaged in any constitutional violation nor did plaintiff allege any failure to train or supervise any defendant. The claims against the State of South Dakota and its Governor fail to state claim.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). "The Eleventh Amendment bars a suit brought by a private individual against a state. The same rule applies to a suit against the Governor and [state officials] in their official capacities because 'the state is the real, substantial party in interest.'" Smith v. Reynolds, 139 F.4th 631, 635 (8th Cir. 2025) (internal citations omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). All official capacity claims are precluded.

Finally, defendants seek dismissal of plaintiff's state law negligence claims on the basis of SDCL 3-21-9, which, inter alia, affords immunity to any person "for any injury caused by or resulting from a prisoner to any other prisoner." SDCL 3-21-9(4). That

2

statute "provide[s] a complete defense to [plaintiff's] state negligence clam." Webb v. Lawrence County, 144 F.3d 1131, 1136 (8th Cir. 1998) (affirming the district court's dismissal of state law negligence claim for failure to state a claim). Plaintiff's state law negligence claims are subject to dismissal.

IT IS ORDERED:

1. Defendants' motion, Doc. 32, for judgment on the pleadings is granted.

2. Plaintiff's claims against the State of South Dakota and the Governor are dismissed.

3. Plaintiff's official capacity claims against all individual defendants are dismissed.

4. Plaintiff's state law negligence claims are dismissed.

5. The parties shall, on or before 30 days from the entry of this order, file status reports setting forth whether this matter is ready for trial and whether the parties agree to mediation before a United States Magistrate.

DATED this __13th__ of March, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3